Filed 11/23/20  P. v. Bolding CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JEDADIAH RAY BOLDING,<br><br>    Plaintiff and Appellant. | G058561<br><br>(Super. Ct. No. 16CF1060)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING; NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed October 30, 2020, be modified as follows:

Delete the paragraph extending from the bottom of page 3 to the top of page 4, beginning "In the present case," and replace it with the following paragraph:

In the present case, defendant did not object to the sentence imposed on the ground the trial court had failed to properly consider the imposition of a split sentence.  After the trial court announced its tentative sentence, the prosecutor asked, "So are you not dividing the sentence at all?  You're going to give him the straight nine years, eight months?"  The court replied, "That's right.  I have considered that.  I'm not going to do a split sentence at this time.  [¶] That's where we are.  That wasn't something that the parties had suggested.  I have looked at this.  The Court feels that this is the

appropriate sentence. [¶] . . . [I]n this case, because resentencing occurred, I do feel I did have the discretion and I utilized it to consider what the defendant's conduct has been since the last time I saw him. I have taken that into account. I do not feel based upon the nature of this case that there should be a split sentence."

At the end of the second full paragraph on page 4, which begins, "Defendant's trial counsel," add a new footnote number 3, reading as follows:

[3] Defendant suggests in a petition for rehearing that because it was the prosecutor, and not defendant's trial counsel, who asked the court about the split sentence, the issue could not have been forfeited. No matter who initially raised the issue, the fact remains that defendant's trial counsel did not, in writing or orally at either of the two days of the sentencing hearing, object to the trial court's decision not to impose a split sentence.

For the first time in the petition for rehearing, defendant suggests that, by failing to object, his trial counsel provided ineffective assistance. "'It is well settled that arguments . . . cannot be raised for the first time in a petition for rehearing.'" (*Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1092.) In any event, as explained in section II, *post*, we would find no error even if we reached the merits of defendant's appeal.

2

These modifications do not affect a change in the judgment.  The petition for rehearing is DENIED.


                                        FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

Filed 10/30/20  P. v. Bolding CA4/3 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>JEDADIAH RAY BOLDING,<br><br>　　Defendant and Appellant. | G058561<br><br>(Super. Ct. No. 16CF1060)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　　　\*　　　　\*

"'A split sentence is a hybrid sentence in which a trial court suspends execution of a portion of the term and releases the defendant into the community under the mandatory supervision of the county probation department.'" (*People v. Antolin* (2017) 9 Cal.App.5th 1176, 1178, fn. 1.) At a resentencing hearing, the trial court sentenced defendant Jedadiah Ray Bolding to nine years eight months in county jail, and did not impose a split sentence.

Because defendant failed to object to the trial court's decision not to impose a split sentence, the issue has been forfeited on appeal. Even if we were to reach the merits of the issue, however, we would conclude the trial court did not err. Finally, we reject defendant's contention that the trial court denied him due process by imposing what defendant suggests is a harsher sentence in response to his first successful appeal.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant was convicted by a jury of one count of grand theft (Pen. Code, § 487, subd. (a)) and eight counts of money laundering (*id.*, § 186.10, subd. (a)). (All further statutory references are to the Penal Code.) The jury also found true white collar crime sentencing enhancement allegations. (§ 186.11, subd. (a)(1), (2).) The section 186.11 enhancements included a requirement that the sentence be served in state prison. The trial court sentenced defendant to 10 years in prison.

On appeal, a panel of this court reversed the white collar crime sentencing enhancements on the money laundering counts and remanded the matter for resentencing. (*People v. Bolding* (2019) 34 Cal.App.5th 1037, 1039, 1047.)

Before the resentencing hearing, defendant was released on parole and was being supervised by the Department of Corrections.[1] At defendant's resentencing

---

[1] Defendant had suffered multiple grand mal seizures and received treatments for cancer before being released into the alternative custody program.

hearing, pursuant to section 1170, the trial court sentenced defendant to nine years eight months in the county jail, with 2,580 days of credit.  Specifically, the court denied probation and imposed an aggravated term of three years for grand theft, consecutive terms of eight months on seven of the eight counts of money laundering, and a two-year term on the grand theft sentencing enhancement.  The trial court declined to impose a split sentence.

Defendant timely filed a notice of appeal from the resentencing order. During the pendency of the appeal, defendant filed a request with the trial court to recall his sentence and impose a split sentence. The trial court denied defendant's request.

DISCUSSION

I.

*DEFENDANT'S CLAIM THAT THE TRIAL COURT ERRED BY FAILING TO IMPOSE A SPLIT SENTENCE HAS BEEN FORFEITED.*

A defendant who fails to object to his or her sentence in the trial court "may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices.'"  (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751.)

In the present case, defendant did not object to the sentence imposed on the ground the trial court had failed to properly consider the imposition of a split sentence. After the trial court announced its tentative sentence, defendant's trial counsel asked, "So you're not dividing the sentence at all?  You're going to give him the straight nine years, eight months?"  The court replied, "That's right.  I have considered that.  I'm not going to do a split sentence at this time.  [¶] That's where we are.  That wasn't something that the parties had suggested.  I have looked at this.  The Court feels that this is the appropriate sentence.  [¶] . . . [I]n this case, because resentencing occurred, I do feel I did have the discretion and I utilized it to consider what the defendant's conduct has been since the

3

last time I saw him. I have taken that into account. I do not feel based upon the nature of this case that there should be a split sentence."

The trial court also made the following statement on the record: "[W]hen I originally sentenced [defendant] before the case went up on appeal in the Court of Appeal[], I felt at the time that the appropriate punishment in this case, considering the totality of the circumstances, was the time that I indicated back then, which was ten years. [¶] When the case came back, it came back on the fact that . . . a certain allegation could not be utilized. The exposure that the defendant was facing back then was much greater than ten years. I felt then, as I felt two weeks ago, and as I feel now, the appropriate punishment in this case should be ten years."[2]

Defendant's trial counsel did not raise any objection to the trial court's decision not to impose a split sentence when the indicated sentence was announced, or at the reconvened sentencing hearing two weeks later, or at any time in between. Defendant had a "meaningful opportunity to object" to the sentence. (*People v. Scott* (1994) 9 Cal.4th 331, 356; see *People v. Downey* (2000) 82 Cal.App.4th 899, 916.)

Defendant did not, during the resentencing hearing, object to the sentence on the grounds raised in this appeal. The issue is therefore forfeited. (*People v. Scott* (2015) 61 Cal.4th 363, 406.)

Defendant argues on appeal that the issue has been preserved for appeal because the trial court considered the issue of a split sentence, thus "nullifying the effect of a forfeiture finding." We reject defendant's argument, as it would create an exception swallowing the rule. The cases defendant cites in support of his argument are not on point.

---

[2] Defendant's resentencing occurred over the course of two days. On the first, the trial court announced its indicated sentence. When the hearing reconvened two weeks later, the court imposed the indicated sentence.

4

*People v. Abbott* (1956) 47 Cal.2d 362 considered the trial court's ruling on a motion to strike all evidence on an issue, only some of which had been objected to at the time it was offered. "The general rule is that, when it is apparent from the face of a question that the evidence sought to be elicited will necessarily be inadmissible, a motion to strike is not available unless there has been preliminary objection. [Citation.] It appears, however, that, in ruling on Abbott's motion, the court chose to pass upon the admissibility of all of the evidence, whether objected to or not. Under the circumstances, we shall treat the question of whether there was error in admitting the evidence as properly before us for review." (*Id.* at pp. 372-373.) *People v. Abbott* does not address the rule that a timely objection is required to challenge on appeal a discretionary sentencing decision.

In *In re Sheena K.* (2007) 40 Cal.4th 875, the California Supreme Court noted that "in a 'narrow class' of cases the trial court's omission or erroneous imposition of a particular sentence or term required by law results in an 'unauthorized' sentence, which is subject to correction by the reviewing court despite the absence of an objection by either party in the trial court." (*Id.* at p. 882, fn. 3.) Defendant does not contend that the trial court, at the resentencing hearing, imposed an unauthorized or illegal sentence; defendant claims the trial court abused its discretion by failing to impose a split sentence. Therefore, the rule of *In re Sheena K.* is inapplicable here.

II.

*THE TRIAL COURT DID NOT ERR IN FAILING TO IMPOSE A SPLIT SENTENCE.*

Even if we were to reach the merits of defendant's appeal, we would nevertheless affirm the sentence imposed. "The sentencing court has considerable discretion in imposing such a so-called 'split' or 'blended' sentence under section 1170, subdivision (h)(5)(B)." (*People v. Clytus* (2012) 209 Cal.App.4th 1001, 1009, disapproved on another ground in *People v. Scott* (2014) 58 Cal.4th 1415, 1426; see

5

*People v. Catalan* (2014) 228 Cal.App.4th 173, 179.) Our review of a trial court's discretionary sentencing decision is guided by the following: "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Under the Criminal Justice Realignment Act of 2011 (Stats. 2011, ch. 15), those convicted of nonserious, nonviolent felonies are sentenced to county jails rather than state prisons. (§ 1170, subd. (h)(1), (2).) The act further provides that, "[u]nless the court finds, in the interests of justice, that it is not appropriate in a particular case," the court must suspend execution of the concluding portion of the jail term. (§ 1170, subd. (h)(5)(A).) The suspended portion of the sentence is referred to as "mandatory supervision." (*Id.*, subd. (h)(5)(B).) "[S]ection 1170(h)(5)(A) establishes a statutory presumption in favor of the imposition of a period of mandatory supervision in all applicable cases." (Cal. Rules of Court, rule 4.415(a).) "Trial courts have discretion to commit the defendant to county jail for a full term in custody, or to impose a hybrid or split sentence consisting of county jail followed by a period of mandatory supervision." (*People v. Catalan, supra*, 228 Cal.App.4th at p. 178.)

"[W]hen imposing a term of imprisonment in county jail under section 1170(h), the court must suspend execution of a concluding portion of the term to be served as a period of mandatory supervision *unless the court finds, in the interests of justice*, that mandatory supervision is not appropriate in a particular case." (Cal. Rules of Court, rule 4.415(a), italics added.) In deciding whether to impose a split sentence, the trial court must take into account the particular defendant and the particular case, and may consider the following factors: "(1) Consideration of the balance of custody exposure available after imposition of presentence custody credits; [¶] (2) The defendant's present status on probation, mandatory supervision, postrelease community supervision, or parole; [¶] (3) Specific factors related to the defendant that indicate a lack of need for treatment or supervision upon release from custody; and [¶] (4) Whether the

6

nature, seriousness, or circumstances of the case or the defendant's past performance on supervision substantially outweigh the benefits of supervision in promoting public safety and the defendant's successful reentry into the community upon release from custody." (*Id.*, rule 4.415(b).)

In this case, the trial court exercised its discretion to impose a full term in the county jail, rather than a split sentence. The court explained that it believed the original sentence imposed (10 years in prison) was the appropriate sentence, and that it intended on resentencing to get as close to that sentence as possible. (Cal Rules of Court, rule 4.415(b)(1).) The court further stated that it was aware that it must consider a split sentence and explained why it was choosing not to impose one in this case. Specifically, the court considered the seriousness of the crime, defendant's violation of trust, and the planning and sophistication of the offense, pursuant to rule 4.415(b)(4) of the California Rules of Court. The court also considered defendant's failure to pay any restitution to the victims of his crimes after having been released from prison. (*Ibid.*)

Defendant argues that the trial court considered inappropriate factors, and therefore did not exercise informed discretion. Rule 4.415(b) of the California Rules of Court is a nonexclusive list of factors the court "may consider" as part of the "factors that are specific to a particular case or defendant." While the court mentioned that neither party had raised the issue of a split sentence, it is clear from the court's comments that it gave full consideration to the issue. The court also expressed concern that defendant had been released from prison after serving only two years of his original sentence. But that fact was not a stated part of the court's decision not to impose a split sentence; rather, the court specified that it wanted the new sentence to approximate as closely as possible the original sentence.

*DEFENDANT CANNOT ESTABLISH A DENIAL OF DUE PROCESS DUE TO VINDICTIVENESS.*

Defendant argues, citing *North Carolina v. Pearce* (1969) 395 U.S. 711, that he was denied due process because the trial court's sentence was vindictive. In *North Carolina v. Pearce*, the United States Supreme Court held: "Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge. [¶] In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." (*Id.* at pp. 725-726.)

In *People v. Craig* (1998) 66 Cal.App.4th 1444, 1448, the appellate court held: "[A]fter successful appeal of a conviction a defendant may not upon reconviction be subjected to an aggregate sentence greater than that imposed at the first trial." But *People v. Craig* also holds: "When [an unauthorized or illegal] sentence is set aside on appeal a correct, even if more severe, sentence may be imposed upon retrial without offending the principles of double jeopardy." (*Id.* at p. 1449.)

Defendant argues that, because he had been released from prison before the resentencing hearing, the trial court's resentencing order that sent him to the county jail without a split sentence is harsher than his original prison sentence. Defendant's

8

argument fails for at least two reasons.  First, the sentence imposed after resentencing is not longer than the original sentence.  Second, the trial court's statements at the resentencing hearing, quoted *ante*, would overcome any presumption of vindictiveness.

DISPOSITION

The postjudgment order is affirmed.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

9